CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 25, 2011

Scott D. Arnopol, Esq.
8201 Corporate Drive
Suite 500
Landover, MD 20785

Robert Savoy, Esq.
Three Neshaminy Interplex
Suite 301
Trevose, PA 19053

Alex Gordon, AUSA
36 South Charles Street, Fourth Floor
Baltimore, MD  21201

> **Re:** *David O. Tuel v. Michael J. Astrue, Commissioner of Social Security*, PWG-09-3252

Dear Counsel:

Pending before this Court, by the parties' consent, are the Plaintiff's Motion for Summary Judgment and the Defendant's ("Commissioner") Motion to Remand. (Paper Nos. 10,14,20). The Plaintiff filed a Response to the Commissioner's Motion to Remand (Paper No. 21). The Defendant filed a Reply to the Plaintiff's Response to the Motion to Remand (Paper No. 22).

The Commissioner requests that the Court grant his Motion to Remand pursuant to Sentence Four of 42 U.S.C. §405(g) on the basis that further administrative proceedings and development are necessary in this case. (Paper No. 20). The Plaintiff filed a Response, and while he does not oppose a remand, he is requesting this Court order that a new ALJ be assigned to his case on remand. (Paper 21, pp. 1-2). In support, he argues that agency policy in the Hearings Appeals and Litigation Law Manual ("HALLEX") specifically I-2-1-55, dictates that a different ALJ must be assigned.

Plaintiff has not presented any evidence to suggest that the ALJ who determined his claim was hostile or biased against

him individually. *Pretto v. Astrue*, 2009 WL 2424577 **2 (N.D.Fla.)(instructions to Appeals Council to assign a new ALJ upon remand appropriate where ALJ demonstrates bias). Nor has he pointed to any evidence to suggest that the ALJ will not apply the correct legal standards or otherwise fail to follow my orders on remand. In general, it is for the Commissioner, through the Appeals Council, to determine whether a case should be assigned to a new ALJ on remand. *See* 20 C.F.R. § 404.983; *Travis v. Sullivan,* 985 F.2d 919, 924 (7th Cir.1993); *Hartnett v. Apfel,* 21 F.Supp.2d 217, 222 (E.D.N.Y. 1998). The courts do not generally usurp that authority absent some "legitimate and compelling reason," principally evidence of bias or partiality on the part of the ALJ in question. *Travis,* 985 F.2d at 924. *See also* 20 C.F.R. § 404.940 (providing that ALJ should not conduct a hearing "if he or she is prejudiced or partial with respect to any party"). *Waggener v. Astrue*, 2009 WL 2601372 **1 (D.Colo., 2009).

Instead, Plaintiff relies solely on the language of the HALLEX Section I-2-1-55 provides in relevant part:

> Appeals Council remands, including those generated by the courts, are assigned <u>to the same ALJ</u> who issued the decision or dismissal <u>unless</u>:
>
> a. the case was previously assigned to that ALJ on a prior remand from the Appeals Council and the ALJ's decision or dismissal after remand is the subject of the new Appeals Council remand, or
>
> b. the Appeals Council or the court directs that the case be assigned to a different ALJ.(emphasis added)

Plaintiff submits that because this will be the third time his case will be heard, the HALLEX requires a different ALJ be assigned. However Plaintiff has not demonstrated, nor is the undersigned convinced, that this circumstance fits within the parameters of HALLEX I-2-1-55. In this case ALJ Showalter only heard his case once before, and, as the Commissioner argues it appears that exception a., cited above, refers to those circumstances where a particular ALJ has had a case on two

2

previous remands. I agree with the Commissioner's interpretation.

Furthermore it is not clear whether this Court has the authority to direct the Appeals Council to whom a remanded case should be assigned, based solely on the language of a HALLEX. The Fourth Circuit has not ruled on this issue and other Circuits have declined to enforce such language. See *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000)(Hallex was not binding on the courts). Finally, I note that Plaintiff is not without remedies. As provided in 20 CFR §404.940, a Claimant may object to the ALJ who will conduct a hearing by notifying that person as early as possible.

Accordingly, Defendant's Motion will be GRANTED and the case is remanded for further proceedings. A separate Order shall issue.

1/25/11
_____/s/_____
Paul W. Grimm
United States Magistrate Judge